UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION
Held in Lafayette

| | |
|---|---|
| **BOBBY DYER** | **CASE NO.  5:22-CV-04961** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALLIED TRUST INSURANCE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MINUTES OF COURT:**
**Motions Hearing**

| | | | |
|---|---|---|---|
| Date: | Dec.28, 2022 | Presiding: Judge David C. Joseph | |
| Court Opened: | 10:00 AM | Courtroom Deputy: | Lisa LaCombe |
| Court Adjourned: | 10:50 AM | Court Reporter: | LaRae Bourque |
| Statistical Time: | 50 Minutes | Courtroom: | Courtroom 1 |

**APPEARANCES**

| | | |
|---|---|---|
| R. William Huye, III | For | Bobby Dyer, Plaintiff |
| Bobby Dyer, Plaintiff | | via telephone |
| Matthew D. Monson | For | Allied Trust Insurance Co, Defendant |

**PROCEEDINGS**

Case called for hearing regarding [Doc. 8] Motion to Lift Stay by Allied Trust Insurance Company and [Doc. 13] Motion to Lift Stay with accompanying Order to Dismiss Case with Prejudice filed by Bobby Dyer.  On December 21, 2022, this Court ordered that a Rule to Show Cause hearing be held on December 28, 2022, as to why monetary sanctions should not be imposed pursuant to the Court's inherent authority regarding:

(i) Plaintiff's counsels' unexplained and unexcused failure to appear on December 21, 2022, for hearing on Defendant's Motion to Lift Stay [Doc. 8] as ordered by the Court via Electronic Minute Entry [Doc. 9]; and
(ii) Defendant's allegations that Plaintiff's counsel failed to properly investigate the claim before filing suit as required by Rule 11(b) of the Federal Rules of Civil Procedure.

[Doc. 10].

During the hearing, the Court engaged in dialogue with Plaintiff, Bobby Dyer, who was present in Court telephonically, as well as took evidence and heard oral argument from counsel.  After reviewing memoranda of counsel [Docs. 10 and 12] and in accordance with applicable law, the Court found that Plaintiff's counsel failed to comply with Rule 11(b) of the Federal Rules of

Page 2
December 28, 2022
Dyer v. Allied Trust Insurance Co.

Civil Procedure prior to filing suit in this matter and otherwise failed to: (i) appropriately and adequately represent his client; and (ii) timely comply with the October 21, 2022, directive of this Court to investigate the claims at issue.

The Court therefore found good cause to award sanctions pursuant to the Court's inherent authority in the form of costs incurred by the defendant, including attorneys' fees. Within seven (7) days, counsel for Allied Trust Insurance Company shall file under seal a document delineating every cost incurred by Allied Trust Insurance Company in handling this matter.

After submission, the Court will assess the Defendant's costs and attorneys' fees to the law firm of McClenny, Moseley, & Associates, PLLC as a form of sanctions. The Court will then issue an order lifting the stay and dismissing this case as requested by Plaintiff. [Doc. 13]. The monetary sanctions shall be rendered and made jointly payable to Defendant Allied Trust Insurance Company and defense counsel.

**FILINGS:**
Exhibit List by the Court